Argued April 10, demurrer overruled and writ directed
to issue April 17, 1957

STATE ex rel PETERKORT et al v. BOHANNON
309 P. 2d 800

*Carrell F. Bradley,* Hillsboro, argued the cause for relators. On the brief were Bush & Bradley, Hillsboro.

*Maurice D. Sussman,* Portland, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and ROSSMAN, LUSK, BRAND, WARNER and McALLISTER, Justices.

PER CURIAM.

The relators brought this original proceeding in mandamus against the Circuit Court of the State of Oregon for Washington County, and J. S. Bohannon,

one of the circuit judges thereof, to compel that court to set aside an order made and entered in the case of *J. Peterkort & Co., an Oregon corporation, Bertha A. Peterkort and J. Peterkort, husband and wife, plaintiffs, v. Washington County, Oregon, a municipal corporation, East Washington County Zoning District, a purported zoning district in Washington County, Oregon, Dorothy Shaffer, George W. Wood, Edward Victor Brotherhood, Earl Briggs, and Henry Haase, Commissioners of East Washington County Zoning District, Helen Steinke, Assessor of Washington County, Oregon, R. H. Busch, Sheriff of Washington County, Oregon, and Maud Boscow, Treasurer of Washington County, Oregon,* suit No. 19287. To the alternate writ of mandamus the respondents have demurred.

The facts related in the writ disclose that plaintiffs commenced their suit against the above-named defendants to test the validity of the formation of the East Washington County Zoning District, which issue was duly tried on January 15, 1957; the trial court entered a decree dissolving the said district and enjoining the district and its officers from further ''enforcing or attempting to enforce any zoning regulations, restrictions, ordinances, or planning heretofore enacted by the commissioners * * * or attempting to exercise any powers in connection with said zoning district.'' The decree further restrained the county assessor from extending the levy of the district upon the tax rolls, enjoined the sheriff from collecting any tax levied, and enjoined the county treasurer from honoring warrants drawn upon the zoning district's funds. After the entry of the decree, the defendants served and filed their notice of appeal to this Court and simultaneous therewith moved the court for a stay of the execution

of the decree until the appeal of the defendants had been determined.

█ The trial court granted the stay on motion of the defendants, and the sole issue before us is whether or not on the filing of the notice of appeal the trial court lost jurisdiction of the cause so as to stay its decree.

We are of the opinion this matter is determined by the reasoning set forth in *Caveny v. Asheim, et al.,* 202 Or 195, 274 P2d 281, and, therefore, the demurrer of the respondents is overruled.

█ Since it appears from the statements of counsel and from the record of this case that all of the facts set forth in the alternative writ are true and an answer by the respondents would be no more than a useless act, it is ordered that the peremptory writ issue forthwith.